NEWMAN, APPELLANT, *v.*
AL CASTRUCCI FORD SALES, INC.,
APPELLEE.

(Nos. C-870361 and C-870796—
Decided October 12, 1988.)

*David J. Boyd,* for appellant.
*Taft, Stettinius & Hollister* and
*Timothy C. Sullivan,* for appellee.

*Per Curiam.* These consolidated appeals involve the complaint filed on behalf of plaintiff-appellant, Joyce Newman, for breach of contract, deceptive consumer practices and fraud in her purchase of a van from defendant-appellee, Al Castrucci Ford Sales, Inc. ("Castrucci Ford"). In appeal No. C-870361, plaintiff challenges the trial court's entry of summary judgment in favor of defendant based upon plaintiff's retraction of the material allegations of the complaint; appeal No. C-870796 involves the trial court's granting of defendant's motion for sanctions against plaintiff's attorney for filing a groundless complaint. Of the two assignments of error presented in appeal No. C-870361 and the four assignments presented in appeal No. C-870796, we find merit in only one aspect of the final assignment; in all other respects we affirm the trial court's judgments.

The complaint filed by plaintiff's attorney alleged that on November 10, 1985, plaintiff went to Castrucci Ford in response to a newspaper advertisement for a new Ford van; that she entered into an oral agreement with defendant to purchase the van for precisely the advertised price, with a specific trade-in allowance for her Ford LTD (paragraph two); that defendant made specific oral representations as to her trade-in equity and the resulting net purchase price of the van (paragraph three); that she later signed a partially blank purchase agreement at defendant's request; that when she returned to pick up the van, defendant had raised the purchase price substantially; that plaintiff demanded defendant rescind the transaction, but defendant refused (paragraph six); and that such actions amounted to breach of an oral contract, deceptive consumer practices and fraud.

However, at her deposition plaintiff testified absolutely that paragraphs two, three and six of the complaint were not correct statements; that what she signed was filled in and she was not complaining about blank documents; that "they didn't promise me nothing" or make any oral representations or agreements as to either trade-in equity or purchase price; and that she did not demand rescission of the transaction. Instead, plaintiff testified her *only* complaint was that the balance she still owed on her LTD, which amounted to more than the car was worth, and which defendant paid off for her as part of the van purchase in accordance with customary trade-in procedure, was charged to her as part of the van purchase. In other words, plaintiff thought it unfair that she should still have to pay the balance owed on the LTD when she no longer possessed it.

Defendant filed a motion for summary judgment, arguing that plaintiff's deposition testimony demonstrated that every material allegation of the complaint had no basis in fact or law. Thus, according to defendant, plaintiff's lawsuit was groundless and

defendant was entitled to judgment as a matter of law.

In opposition to the motion for summary judgment, plaintiff's attorney filed his own affidavit which recited his version of the facts of the case, stating that he had personal knowledge of the facts based upon his participation in taking the deposition of plaintiff and others. Defendant filed a motion to strike that affidavit.

On May 1, 1987, the trial court granted defendant's motion for summary judgment, and subsequently entered an order (*nunc pro tunc* to May 1) granting defendant's motion to strike the affidavit of plaintiff's attorney. Plaintiff filed her notice of appeal from the summary judgment on May 29.

Also on May 29, defendant filed a motion for sanctions pursuant to Civ. R. 11. This rule states that when an attorney signs a pleading, he verifies that there are good grounds to support it, and that an attorney may be subject to "appropriate action" for a willful violation of the rule. Defendant's motion requested that plaintiff's attorney be ordered to pay defendant reasonable attorney fees generated in defending the groundless complaint. Plaintiff filed a motion to strike the motion for sanctions, arguing that the trial court lost its jurisdiction when her notice of appeal was filed.

Without ruling on the motion to strike, the trial court granted the motion for sanctions and ordered plaintiff's attorney to pay defendant attorney fees of $5,050. The notice of appeal from this ruling was filed on behalf of both plaintiff and her attorney.

## Appeal No. C-870361

The first assignment of error in this appeal is that the trial court erred by striking the affidavit of plaintiff's attorney and considering it as support for her argument opposing the motion for summary judgment. As we noted above, this affidavit summarizes the events surrounding the sale and delivery of the van to plaintiff. However, plaintiff's attorney was not present at the time of sale or delivery and, thus, did not have the personal knowledge required by Civ. R. 56(E) for an opposing affidavit to be considered on a motion for summary judgment. We therefore find that the affidavit was properly stricken and we overrule the first assignment of error.

The second assignment of error is that the trial court erred in granting defendant's motion for summary judgment. As can be seen from our summaries of the complaint and plaintiff's deposition set forth above, plaintiff testified that each material allegation of the complaint was not true. She admitted that there were no oral agreements as to price or trade-in value, no signing of blank documents, no increase in sales price, no demands for rescission, and no false representations. We believe reasonable minds can only conclude that there is no dispute as to any material fact and that defendant is entitled to judgment as a matter of law on each claim advanced in the complaint. See *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267; Civ. R. 56(C). Accordingly, the second assignment of error is overruled and the judgment in appeal No. C-870361 is affirmed.

## Appeal No. C-870796

The first assignment of error in this appeal is that the trial court erred in failing to rule upon and to grant plaintiff's motion to strike defendant's motion for Civ. R. 11 sanctions. As noted above, defendant's motion for sanctions and plaintiff's notice of appeal from the summary judgment were filed on the same day. Plaintiff argues that once her appeal was filed, the trial

court lost its jurisdiction to consider defendant's motion for sanctions. We do not agree.

Generally, when an appeal is taken, the trial court is divested of jurisdiction except to take action in aid of the appeal. However, the trial court does retain jurisdiction over issues not inconsistent with the appellate court's power to review, affirm, modify or reverse the appealed judgment, such as a collateral issue like contempt. *State, ex rel. Special Prosecutors,* v. *Judges* (1978), 55 Ohio St. 2d 94, 9 O.O. 3d 88, 378 N.E. 2d 162. This case is similar to a contempt proceeding in that the trial court's decision whether to grant defendant's motion for Civ. R. 11 sanctions is collateral to the appeal of the summary judgment. See *Stevens* v. *Kiraly* (1985), 24 Ohio App. 3d 211, 24 OBR 388, 494 N.E. 2d 1160. Whatever the trial court decided on sanctions, this court's power to review and decide the appeal of summary judgment would remain unaffected.[1] We therefore conclude that the trial court retained jurisdiction to decide the motion for Civ. R. 11 sanctions.

With respect to the trial court's failure to rule upon plaintiff's motion to strike the motion for sanctions, we agree with the holding of the Court of Appeals for Cuyahoga County that when a court fails to rule upon a motion, it will be presumed that the court overruled such motion. *Solon* v. *Solon Baptist Temple, Inc.* (1982), 8 Ohio App. 3d 347, 8 OBR 458, 457 N.E. 2d 858. While we certainly do not condone the failure to rule upon motions, we find it obvious in this case that by granting defendant's motion for sanctions, the trial court implicitly over-ruled plaintiff's motion to strike. The first assignment of error is overruled.

The second assignment of error states that the trial court erred in finding that plaintiff's counsel willfully violated Civ. R. 11, which provides in pertinent part as follows:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney may be subjected to appropriate action. Similar action may be taken if scandalous or indecent matter is inserted."

"The rule places the burden for the truthfulness of the pleadings on the attorney — where the responsibility belongs. * * *" Staff Note, Civ. R. 11. The purpose of the rule is to deter pleading and motion abuses and to assure the court that a pleading was filed in good faith, with good grounds to support it. *Stevens, supra,* at 213, 24 OBR at 390, 494 N.E. 2d at 1163.

As we have already observed, the plaintiff herself refuted many facts and every material allegation of the complaint filed by her attorney. She was also asked at her deposition, with respect to many of the allegations in the complaint, whether she ever told anyone the substance of the statements made therein, and she consistently responded in the negative. Furthermore, plaintiff testified that she had not seen the complaint prior to the deposition; thus, there is no indication

---

[1] If this court had reversed the summary judgment (which was based only on the fact that the complaint was groundless), then there would be a possible basis for the reversal of the imposition of sanctions, but our power to review the summary judgment still would not be affected.

that her attorney attempted to verify with her the truthfulness of the complaint. We therefore determine that the trial court did not abuse its discretion when it found the plaintiff's attorney willfully violated Civ. R. 11, and we overrule the second assignment of error.

The third assignment of error is that the trial court erred by ordering plaintiff's counsel to pay defendant's attorney fees as a sanction for violating Civ. R. 11. While the rule itself gives no guidance as to the proper sanction for a violation of its terms, and the Staff Note provides only that a willful violation may subject an attorney to "appropriate court disciplinary action[,]" we agree with the reasoning of the Court of Appeals for Wayne County in *Stevens, supra,* at 213-214, 24 OBR at 391, 494 N.E. 2d at 1164, that a trial court has wide latitude in imposing sanctions for a violation of the rule and that an award of attorney fees is a proper sanction. Accordingly, the third assignment of error is overruled.

In the final assignment of error, it is asserted that the trial court erred in determining the amount of attorney fees to be awarded, both because that amount was not established to be reasonable and because it was overinclusive. The record reveals that a hearing was held for the sole purpose of establishing the reasonableness of attorney fees, and we conclude that ample evidence was adduced to support the amount and necessity of the fees awarded.

However, the amount claimed by defendant and ordered by the court includes attorney fees generated by the Civ. R. 11 motion itself. We believe that to hold plaintiff's attorney accountable for defendant's fees arising from the prosecution of the Civ. R. 11 motion puts the attorney in an untenable position: either he must forgo arguing against the motion and agree to pay defendant's attorney fees, or he can proceed to oppose the motion, thereby increasing defendant's fees and the amount he might eventually be required to pay. We therefore determine that the trial court abused its discretion by holding plaintiff's attorney liable for defendant's attorney fees generated in connection with the Civ. R. 11 motion for sanctions. The fourth assignment of error is overruled as to the portion of the attorney-fee award attributable to the defense of the action, and sustained as to the portion attributable to the Civ. R. 11 motion.

We are unable to determine from the record before us exactly what portion of the $5,050 attorney-fee award is attributable to the Civ. R. 11 motion. Therefore, while we affirm that part of the judgment in appeal No. C-870796 which finds a violation of Civ. R. 11, we reverse the judgment insofar as it imposes the $5,050 award; we remand the case to the trial court with instructions to determine what amount of defendant's attorney fees is attributable to the Civ. R. 11 motion, and to enter an award of attorney fees which excludes that amount.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

HILDEBRANDT, P.J., DOAN and KLUSMEIER, JJ., concur.