SWEENEY, Appellant,

v.

HUNTER et al., Appellees.

[Cite as *Sweeney v. Hunter* (1991), 76 Ohio App.3d 159.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58963.

Decided Oct. 28, 1991.

*Antonio Sweeney,* for appellant.

*Bruce A. Mandel* and *Stephen J. Goodman,* for appellees.

FRANCIS E. SWEENEY, Presiding Judge.

Plaintiff-appellant, Angela Sweeney, timely appeals the trial court's granting of an award of attorney fees to defendant-appellee, Metropolitan Property & Liability Insurance Company ("Metropolitan") pursuant to Civ.R. 11. For the following reasons, we affirm the decision of the trial court.

The pertinent undisputed facts are as follows:

On August 3, 1987, an automobile operated by plaintiff-appellant, Angela Sweeney, collided with an automobile operated by Sarah Hunter. Hunter was a named insured of appellee Metropolitan under an automobile liability insurance policy. Appellant was a named insured of Farmers Insurance Group ("Farmers") under an automobile liability insurance policy. Metropolitan and Farmers made claims against each other under an intercompany arbitration agreement relating solely to property damage claims. Metropolitan lost the arbitration and paid appellant's automobile property damage. It should be noted that the arbitration was decided by representatives of the insurance industry solely on the basis of written submissions made by Metropolitan and Farmers.

Following the arbitration, appellant filed a personal injury lawsuit against Hunter in the amount of five hundred thousand dollars to compensate her for injuries allegedly suffered as a result of the collision.

After filing the lawsuit, appellant's counsel demanded that Metropolitan admit liability, on behalf of Hunter, in the personal injury action based on Metropolitan's loss in the intercompany arbitration. Metropolitan refused to admit liability or to settle the personal injury claim, given the amount demanded by the appellant and the nature of the arbitration action.

Following Metropolitan's refusal to admit liability, the attorney for the appellant, Antonio Sweeney, filed an additional cause of action against Metropolitan, alleging bad faith and naming appellant and Hunter as plaintiffs.

Hunter testified that she never authorized appellant's counsel to file a bad-faith lawsuit against her insurance company. Appellant's counsel never even

informed Hunter that he was going to name her in that action. Furthermore, Hunter testified she had no desire to sue her carrier and, to the best of her own knowledge and belief, the allegations against Metropolitan in the bad faith action are untrue. Hunter also testified she never assigned nor transferred any of her legal rights, claims or causes of action to the appellant.

Sarah Hunter and Metropolitan filed an answer to the bad-faith complaint; a motion to strike the named insured, Hunter, as a plaintiff; a motion for summary judgment; and a request for sanctions against counsel for the appellant. The reasons for the requested sanctions were for designating the named insured, Hunter, as a plaintiff in the bad-faith cause of action; the making of false allegations on behalf of Hunter against her carrier; and the filing of a lawsuit with no good ground to support it, in violation of Civ.R. 11.

The trial court granted both the summary judgment in favor of Metropolitan and the request for sanctions. Counsel for the appellant did not object to the alleged unreasonable and excessive nature of the fees at the trial court level.

Appellant now timely appeals the award of attorney fees, raising one assignment of error for our review:

"The trial court abused its discretion thus erring when it awarded unreasonable and excessive attorney fees for appellee in the amount of $10,232.00 for filing an answer and several motions and one or two appearances."

Appellant argues the trial court abused its discretion in its award of unreasonable and excessive attorney fees. This argument is without merit.

■ A trial court has wide latitude in imposing sanctions against an attorney for violations of Civ.R. 11, including imposition of attorney fees against the attorney, as opposed to his client. *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160. A sanction may only be found to be improper where it is imposed in the exercise of an abuse of the trial court's discretion. *Id.* at 214, 24 OBR at 391, 494 N.E.2d at 1164.

■ We recognize, but choose not to adopt, the Hamilton County Court of Appeals' holding that plaintiff's attorney should not be responsible for attorney fees generated in connection with the Civ.R. 11 motion itself. *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001. The court in *Newman* reasoned that to hold plaintiff's attorney accountable for fees generated in connection with a Civ.R. 11 motion would put him in the "untenable" position of either not opposing the motion and agreeing to pay attorney fees or opposing the motion and thereby increasing defendant's fees and the amount plaintiff might eventually be required to pay. *Id.* at 170, 561 N.E.2d at 1005. We submit that plaintiff's attorney voluntarily placed himself

in this "untenable" position when he filed the groundless complaint and was aware that defendant's attorney, as part of his defense, could file a Civ.R. 11 motion for sanctions, which plaintiff's attorney would then have to oppose or not oppose. Thus, the risk of defendant filing a Civ.R. 11 motion for sanctions against plaintiff's attorney is a risk that plaintiff's attorney should have anticipated when he filed the complaint.

In the present case, the evidence clearly demonstrates that counsel for appellant filed the complaint in bad faith and without good ground to support it in violation of Civ.R. 11. Counsel for appellant falsely represented to the court that he was acting on behalf of the named insured in filing the complaint when, in fact, counsel for appellant filed the complaint without the named insured's knowledge or authorization. Therefore, the complaint was filed without any legal basis to support it. Furthermore, the named insured testified that she did not suffer any severe emotional distress as appellant's counsel alleged in the bad-faith complaint. Thus, the evidence is clear that appellant's counsel made false allegations on behalf of the named insured against her carrier.

Based on the above, we find that the trial court did not err in granting appellee all attorney fees encountered by appellee in defending this groundless complaint as sanctions against appellant, including the fees generated by the filing of the motion for sanctions. As to appellant's argument that the award of attorney fees was "excessive," we need not consider this error since appellant did not raise the error at the trial court level. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364.

Accordingly, the assignment of error is overruled.

*Judgment affirmed.*

JOHN F. CORRIGAN, J., concurs.

PATRICIA A. BLACKMON, J., concurs in part and dissents in part.

PATRICIA BLACKMON, Judge, concurring in part and dissenting in part.

Although I agree with the majority's holding that the award of attorney fees in this case was reasonable, I dissent from its decision that it was reasonable for the trial judge to include in the award the fees generated in connection with the Civ.R. 11 motion for sanctions.

It is an abuse of discretion for a trial court to hold plaintiff's attorney liable for defendant's attorney fees generated in connection with the Civ.R. 11 motion for sanctions. *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001.

In the *Newman* case the Hamilton County Court of Appeals made the following observation in support of its holding:

" * * * We believe that to hold plaintiff's attorney accountable for defendant's fees arising from the prosecution of the Civ.R. 11 motion puts the attorney in an untenable position; either he must forgo arguing against the motion and agree to pay defendant's attorney fees, or he can proceed to oppose the motion, thereby increasing defendant's fees and the amount he might eventually be required to pay." *Id.* at 170, 561 N.E.2d at 1005.

The *Newman* case is factually identical to the instant case and should have been adopted by the majority. I find little or no substance in the majority's conclusion that the appellant voluntarily placed himself in the "untenable" position. It appears to me that every lawyer who is faced with a Civ.R. 11 motion acts voluntarily to the extent that the motion is based on his or her conduct that is defined as willful. Therefore, the sole concern for this court is whether it is reasonable to include these specific fees in the award when the inclusion will place the lawyer in the untenable position of either paying and avoiding additional expenses, or not paying and incurring additional expenses. It appears to me that the *Newman* case is concerned with insuring that an attorney is not penalized for pursuing his or her defense in a Civ.R. 11 motion.

Because I agree with the rationale adopted by the Hamilton County Court of Appeals, I would remand this cause to the trial court with instructions that it determine the amount that represents the fees generated in connection with the Civ.R. 11 motion, and that it enter an award for sanctions reduced by that amount.

In all other respects, I concur completely with the decision of the majority.