Defendant-appellant Ralph Pincheck appeals the August 19, 1997 Judgment Entry of the Tuscarawas County Court of Common Pleas which found him subject to the registration requirements of R.C. 2950.04 Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 17, 1987, the trial court sentenced appellant to a term of imprisonment of four to ten years for a 1986 sexual battery conviction.
In accordance with Ohio's version of Megan's Law, R.C. 2950, the Warden of the Dayton Correctional Institution, the institution in which appellant was confined, recommended he be adjudicated a sexual predator. The trial court scheduled a H. B. 180 hearing for April 7, 1997.
On April 7, 1997, appellant filed a request for discovery, a motion for an order finding R.C. 2950.09 to be unconstitutionally vague, a motion to continue the hearing until all motions were heard, and a motion for an order finding R.C. 2950.09 inapplicable as an ex post facto law. The trial court never explicitly ruled on these motions and the matter proceeded to hearing.
Via Judgment Entry dated August 19, 1997, the trial court found appellant was convicted of a sexually oriented offense, and subject to the registration requirements of R.C. 2950.04. It is from this Judgment Entry appellant prosecutes his appeal, raising the following assignments of error:
 I. THE TRIAL COURT HAS A DUTY TO RULE ON THE MOTION TO DISMISS ON THE ISSUE OF VAGUENESS.
 (A) THE COURT INCORRECTLY RULED ON VIOLATIONS OF EX POST FACTO LAWS.
 II. THE APPLICATION OF R.C. 2950.04 AND 2950.07 (EFFECTIVE JULY 1, 1997) VIOLATE THE PROHIBITION AGAINST EX POST FACTO LAWS.
 I
Appellant assigns two separate errors under the same heading. In the first part of the first assignment of error, appellant maintains the trial court erred when it failed to rule on the motion to dismiss due to vagueness. When a trial court fails to rule upon a motion, it is presumed the trial court overruled such motion. State ex rel. v. Marshall, (1998), 81 Ohio St.3d 467,469; Newman v. Al Castrucci Ford Sales, Inc. (1988),54 Ohio App.3d 166, par. 4 of the syllabus. In light of this presumption, we find appellant's motion was overruled by the trial court. Accordingly, this portion of appellant's first assignment of error is overruled.
 I(A), II
Subsection (A) of appellant's first assignment of error and appellant's second assignment of error are overruled on the authority of State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported; State v. Bair (Feb. 1, 1999), Stark App. No. 1997CA00232, unreported.
The judgment entry of the Tuscarawas County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur.
------------------------
------------------------
 ------------------------ JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
------------------------
------------------------
 ------------------------ JUDGES