OPINION
Defendants-appellants, Colonial Insurance Company of California and Colonial Insurance Company California c/o Dennis Montgomery, Agent, (hereinafter referred to collectively as "appellants") appeal the October 30, 1997 Judgment Entry of the Licking County Court of Common Pleas which denied their motion for summary judgment. Plaintiff-appellee is Robert W. Dusenbury.
 STATEMENT OF THE CASE AND FACTS
On November 24, 1994, appellee was injured in a bizarre chain of motor vehicle collisions. At approximately 1:00 a.m., appellant was a front seat passenger in a 1986 Chevrolet Spectrum driven by Brian C. Lawson. Mr. Lawson lost control of his vehicle, drove off the roadway and struck an embankment. This collision caused the vehicle to flip, roll, and land on its roof in the middle of U.S. 40 across both the east and west bound lanes of traffic. Appellee was injured in this collision but he and Mr. Lawson managed to get out of the car and wait by the side of road for assistance. Approximately 15 minutes later, a vehicle operated by Jeffrey Downour approached the scene. Unfortunately, Mr. Downour did not see the overturned vehicle in the road and drove directly into it. The force of the impact sent the overturned vehicle spinning across the road where it hit appellee. As a result of both collisions, appellee suffered serious personal injuries, including pelvic dislocation, and a closed right transverse fracture of the right femur. Appellee filed a single complaint against Mr. Lawson and against Mr. Downour for negligence and joined Nationwide Insurance Company (hereinafter "Nationwide"), Progressive Insurance Company (hereinafter "Progressive"), and appellants. After the discovery phase, Nationwide and Progressive were dismissed. Appellants herein filed a motion for summary judgment on April 10, 1997, claiming they could not be liable for underinsured/uninsured motorist coverage because neither issued an automobile liability insurance policy. Appellants conceded they issued a financial responsibility bond, but argued the bond did not contain uninsured or underinsured motorist protection. In an October 30, 1997 judgement entry, the trial court denied appellant's motion for summary judgment, stating, in pertinent part: After consideration of the pleadings, affidavits, and memoranda, the Court makes the following Decision rendered on July 17, 1997, Defendants' Motion for Summary Judgment is DENIED.
The Court finds there is $32,500.00 available to compensate the Plaintiff for damages caused by Defendant Brian Lawson if there are no other insurance policies in place to cover Plaintiff's injuries. The Court further holds that even though the proceeds do not represent uninsured/underinsured motorist coverage, and in deed, are not insurance, they may nevertheless be used to compensate the Plaintiff for his injuries and losses in the event no other insurance is available.
(Emphasis added).
On September 14, 1998, almost one year after the denial of summary judgment, appellants filed a motion for reconsideration of the motion for summary judgment. This motion was denied on September 21, 1998. The parties agreed to waive a jury and the matter proceeded to a trial on September 21, 1998. The trial court rendered a verdict on September 22, 1998, which was memorialized in an October 13, 1998 Judgment Entry. The judgment entry did not make any specific finding as to appellants, stating: It is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff be awarded judgment against Defendants Brian Lawson and Jeffrey Downour, jointly and severally, in the amount of $97,200.00 plus interest and costs from the date of judgment. IT IS SO ORDERED.
On September 28, 1998, appellant filed a motion requesting a hearing to establish the extent of liability for Colonial Insurance. In a Judgment Entry dated September 28, 1998, the court set an oral hearing on the motion for October 19, 1998. Although not explained in the record, appellee filed a motion contra to defendants request for a hearing on October 20, 1998, one day after the scheduled hearing. Appellants filed a reply brief, to which appellee filed a surreply, but no Entry established the extent of Colonial's liability or otherwise specifically resolved the motion. Because the trial court failed to rule on the motion, we presume it was overruled. See, Newman v. Al Castrucci Ford Sales, Inc. (1988), 54 Ohio App.3d 166, 169. Additionally, on October 20, 1998, the trial court filed findings of fact and conclusions of law. Conclusion of law #2 addressed appellants: Defendant Colonial Insurance Company of California moved for summary judgment and presented pleadings, affidavits and memoranda requesting the court to determine the breakdown of the $32,500 Financial Responsibility limits. The Court found pursuant to Entry dated October 30, 1997, that $32,500 was and is available to compensate the Plaintiff for damages caused by Defendant Brian Lawson. The Court further held the proceeds did not represent uninsured/underinsured motorist coverage and are indeed not insurance but nevertheless would be used to compensate the Plaintiff upon proper proof. Appellants appeal the trial court's October 30, 1997 Judgment Entry which denied Colonial's motion for summary judgment, assigning the following as error:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW, FILED OCTOBER 20, 1998, BY ARRIVING AT CONCLUSION OF LAW NO. 3.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING, IN ITS ENTRY OF OCTOBER 30, 1997, DENYING COLONIAL'S MOTION FOR SUMMARY JUDGMENT, THAT "THERE IS $32,500 AVAILABLE [UNDER THE FINANCIAL RESPONSIBILITY BOND WHICH COLONIAL ISSUED TO DEFENDANT BRIAN LAWSON] TO COMPENSATE THE PLAINTIFF FOR DAMAGES CAUSED BY DEFENDANT BRIAN LAWSON."
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW, FILED OCTOBER 20, 1998, BY ARRIVING AT CONCLUSION OF LAW NO. 2.
Appellants argue the trial court's entry of October 30, 1997, which denied their motion for summary judgment, became a final appealable order by virtue of the trial court's October 13, 1998 Judgment Entry. We do not agree. The October 13, 1998 Judgment Entry stated "[t]he case proceeded on all issues pending for adjudication." However, the trial court entered judgment only against defendants Brian Lawson and Jeffrey Downour; it did not act to establish the extent of appellants' liability. While we note the October 30, 1997 Judgment Entry, and the July 17, 1997 Memorandum of Decision found $32,500 was "available" under the financial responsibility bond, neither entry imposed liability in any specific amount.
Because the trial court has not rendered any judgment against appellants, we find no final appealable order exists. Accordingly, we dismiss this case for lack of jurisdiction.
By: Hoffman, P.J. Farmer, J. and Edwards, J. concur