JOURNAL ENTRY AND OPINION
Defendant Leroy C. Nagle appeals from the order of the trial court which denied his motion to dismiss as unconstitutional an indictment issued against him charging him with escape. For the reasons set forth below, we affirm.
Defendant was sentenced to a term of post-release control in case no. 348207. He was subsequently charged with escape in the instant matter for allegedly violating the terms of the post-release control. Defendant pleaded not guilty and moved to dismiss the indictment. Defendant asserted that R.C. 2967.28, the statute authorizing post-release control, violates the separation of powers doctrine and the requirements of due process. Thereafter, defendant entered into a plea agreement with the state whereby the charge was amended to attempted escape and defendant entered a guilty plea to this amended charge. Herein, defendant challenges the trial court's denial of his motion to dismiss the indictment.[1]
Defendant's assignment of error states:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE CHARGE OF ESCAPE.
Within this assignment of error, defendant reiterates the claims raised in the trial court, i.e., that R.C. 2967.28 abridges the guarantee of due process and violates the separation of powers doctrine. He additionally claims that R.C 2967.28 violates the prohibition against double jeopardy.[2]
On August 3, 2000, the Supreme Court determined that R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions. See Woods v. Telb (2000),89 Ohio St.3d 504, and State v. Jones (2000), 89 Ohio St.3d 519. Additionally, this Court has determined that the post-release control sanction is not a criminal punishment and therefore does not bar subsequent prosecution for escape. See State v. Hite (Dec. 14, 2000), Cuyahoga App. No. 77374.
Accordingly, the trial court properly denied defendant's motion to dismiss the indictment.
 ______________ ANN DYKE, J.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The trial court did not specifically address defendant's motion to dismiss. We therefore presume that the trial court overruled it. Newman v. Al Castrucci Ford Sales, Inc. (1988), 54 Ohio App.3d 166, 169.
[2] The parties have supplemented the record with regard to defendant's contention that he has been subjected to administrative sanctions for violating the terms of his post-release control. There is no indication that such sanctions were actually imposed herein.