OPINION *Page 2 
{¶ 1} Plaintiff-appellant Vincent Roberts, Administrator of the Estate of Patricia Roberts, deceased, appeals from an order of the trial court "overruling plaintiffs memorandum pertaining to jurisdiction." That order expressly held that the trial court had jurisdiction when it previously overruled Roberts's motion for a new trial. By implication, the order denied an implied motion to vacate the prior order overruling the motion for a new trial.
 {¶ 2} Roberts contends that the trial court was without jurisdiction when it overruled his prior motion for a new trial, because an appeal from a final judgment, entered under a Civ. R. 54(B) finding that there was no just reason for delay, was pending in the action at the time that the trial court overruled the motion for a new trial. We agree with the trial court that the issue properly raised in the motion for a new trial-whether the summary judgment dismissing one of the defendants, with which the pending appeal was concerned, resulted in Roberts being unfairly subjected to an "empty chair" defense — was collateral to the issues raised in the appeal. More fundamentally, in overruling the motion for a new trial, the trial court left intact the judgment that was then being reviewed on appeal. Therefore, the order overruling the motion for a new trial did not interfere with this court's exercise of its appellate jurisdiction, and the trial court had jurisdiction to enter its order, whether or not that order was legally correct. *Page 3 
 {¶ 3} Accordingly, the order of the trial court from which this appeal is taken is Affirmed.
 {¶ 4} Roberts brought this wrongful death action against two sets of defendants. The first set of defendants includes defendant-appellees Percy L. Frasier, M.D., and Percy L. Frasier, M.D. and Associates. The second set of defendants includes defendants-appellees Dr. Bruce Banias and Pro-Wellness Health Management Services, Inc. There were a number of re-filed and amended complaints, the intricacies of which are not relevant to this appeal.
 {¶ 5} Although an initial motion for summary judgment filed by Banias and Pro-Wellness was overruled, a renewed motion for summary judgment on their behalf was granted, and they were dismissed from the action. The trial court found no just reason for delay, and Roberts ultimately appealed from the adverse summary judgment rendered on the claim against Banias and Pro-Wellness.
 {¶ 6} Meanwhile, Roberts's claim against Frasier and Frasier and Associates went to trial, with a verdict and judgment being rendered in favor of Frasier and Frasier and Associates. Roberts filed a motion for a new trial on February 4, 2005.
 {¶ 7} Because notice of the summary judgment had not been served in accordance with App.R. 4, Roberts was able to, and did, file a timely appeal from that judgment on March 25, 2005, at 10:33 a.m. The trial court overruled Roberts's motion for a new trial twenty-six minutes later, at 10:59 a.m. Thus, an appeal from the judgment previously rendered was pending, even if only for twenty-six minutes, when *Page 4 
the trial court overruled Roberts's motion for a new trial.
 {¶ 8} In January, 2006, we reversed the summary judgment rendered in favor of Banias and Pro-Wellness. Roberts v. Frasier,166 Ohio App.3d 199, 850 N.E.2d 76, 2006-Ohio-312. In August, 2006, Roberts filed a Memorandum Pertaining to Jurisdiction, which the parties and the trial court appear to have taken as an implied motion to vacate the trial court's prior order overruling Roberts's motion for a new trial, upon the ground that the trial court lacked jurisdiction when it entered that order, due to the pending appeal.
 {¶ 9} The question might arise whether Roberts chose a proper procedural vehicle to challenge the jurisdiction of the trial court to have entered the order denying his motion for a new trial. If a trial court enters what purports to be an order of the court on its journal, it may have inherent authority to order that document stricken from the journal, upon a showing that the document purporting to have been an order of the court is not merely voidable, but void, for lack of jurisdiction. In view of our disposition of this appeal, we need not decide, and we do not decide, that question.
 {¶ 10} By order entered October 18, 2006, the trial court found that it had had jurisdiction when it entered its earlier order overruling Roberts's motion for a new trial, thereby denying, by implication, Roberts's implied motion to vacate that earlier order for lack of jurisdiction. This appeal is from that order of October 18, 2006.
 II {¶ 11} Roberts's sole assignment of error is as follows:
 {¶ 12} "THE TRIAL COURT ERRED IN ITS DECISION AND ENTRY OF *Page 5 
OCTOBER 18, 2006, HOLDING THAT THE TRIAL COURT HAD JURISDICTION WHEN IT ISSUED A DECISION AND ENTRY DENYING APPELLANT'S MOTION FOR A NEW TRIAL ON MARCH 25, 2005, AGAINST APPELLEES DR. PERCY FRASIER AND DR. PERCY FRASIER AND ASSOCIATES, WHEN SAID DECISION WAS FILED AFTER APPELLANT FILED A TIMELY NOTICE OF APPEAL OF THE TRIAL COURT'S DECISION GRANTING SUMMARY JUDGMENT TO DEFENDANTS DR. BANIAS AND PRO-WELLNESS HEALTH MANAGEMENT SERVICES, INC."
 {¶ 13} Roberts relies upon the seminal case of State, ex rel. SpecialProsecutors v. Judges (1978), 55 Ohio St.2d 94, for the proposition that a trial court not only errs when it enters an order that interferes with the ability of an appellate court to exercise its jurisdictional duty of appellate review, but that the trial court actually has no jurisdiction to enter such an order. The result that an order so entered is not merely voidable, but void, for lack of jurisdiction, is troubling, because it could lead, in certain cases, to upsetting the long-settled expectations of parties. In one case that this author recalls, for example, a pro se divorce litigant sought, and obtained, relief from the judgment, while her appeal was pending. Not unsurprisingly, she abandoned her appeal, which was dismissed for lack of prosecution. Fortunately, as this author recalls, no long period of time elapsed thereafter before the propriety of the order that vacated the judgment was questioned. But because the impropriety of that order was, underState, ex rel. Special Prosecutors v. Judges, supra, jurisdictional, it could have been attacked many years later, to the consternation of parties who had previously been willing to live with the results of that order.
 {¶ 14} The actual situation in State, ex rel. Special Prosecutors v.Judges, supra, *Page 6 
was that a trial court purported to withdraw and vacate a plea after an appellate court had already rendered its decision affirming the underlying conviction. By contrast, in this case, the challenged order of the trial court was entered while an appeal was still pending, barely pending, in fact. But the principle approved in State, ex rel. SpecialProsecutors v. Judges, supra, appears to be stated at p. 97, as follows: "Yet, it has been stated that the trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction."
 {¶ 15} Or, as succinctly, and affirmatively, stated in a later opinion: "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify or affirm the judgment." Yee v. Erie Cty. Sheriff'sDept. (1990), 51 Ohio St.3d 43, 44.
 {¶ 16} The class of post-judgment orders that will not be deemed to interfere with an appellate court's exercise of its jurisdiction is not limited to orders involving collateral issues. These are merely exemplary of the larger class of orders that will not be deemed to interfere with an appellate court's exercise of its jurisdiction.
 {¶ 17} The question in this appeal, then, is whether the trial court's order denying Roberts's motion for a new trial, following the verdict in favor of Dr. Frasier and his practice, interfered with this court's exercise of its appellate jurisdiction in the appeal then pending in this court. We conclude that it did not.
 {¶ 18} By virtue of Civ. R. 54(B), when the trial court certified that there was no just reason for delay, with respect to the summary judgment in favor of Dr. Banias and Pro-Wellness, that not only made the summary judgment final for purposes of appeal, it *Page 7 
also made that judgment final in the sense that it was no longer amenable to alteration by the trial court, barring a proper application for relief from judgment under Civ. R. 60. Even if the trial court were thereafter to agree with Roberts that it had made a mistake in rendering summary judgment, it could not correct that mistake. Only this court, in a proper appeal, could correct that error, as indeed we did, when we reversed the summary judgment.
 {¶ 19} When Roberts moved for a new trial with respect to Dr. Frasier and his practice, that motion could only be concerned with the propriety of the verdict and judgment in favor of those defendants, and the motion, in fact, only sought relief with respect to that verdict and judgment. On that ground alone, we conclude that the trial court's disposition of that motion could not have interfered, and did not interfere, with this court's decision, in the appeal from the summary judgment entered against Dr. Banias and Pro-Wellness, whether that judgment was properly rendered.
 {¶ 20} Roberts argues that his motion for a new trial is entangled with the propriety of the summary judgment, because one of the arguments he made in support of his motion for a new trial was that the trial court should not have rendered the summary judgment. But that argument was necessarily made in connection with Roberts's attack on the verdict and judgment in favor of Dr. Frasier and his practice-Roberts did not seek, in his motion for a new trial, to vacate the summary judgment in favor of the other defendants.
 {¶ 21} Had the trial court purported to vacate or to modify the summary judgment rendered in favor of Dr. Banias and Pro-Wellness, while an appeal from that summary judgment was pending, we would apply the principle espoused in State, ex rel. Special *Page 8 Prosecutors v. Judges, supra. We cannot review a judgment that has been vacated. Nor can we continue to review a judgment after it has been modified. Neither of those things occurred in this case. What did occur — the denial of Roberts's motion for a new trial on his claim against Dr. Frasier and his practice — in no way interfered with our ability to review the correctness of the judgment previously rendered in favor of Dr. Banias and Pro-Wellness. In this respect, the case before us is similar to a case Roberts cites — Newman v. Al Castrucci Ford Sales
(1988), 54 Ohio App.3d 166, in which the court notes, at footnote 1, on p. 169, that if it had reversed the summary judgment that was pending on appeal (as we did in the case before us), then there would have been a possible basis for reversal of the order that the trial court entered while the appeal from the summary judgment was pending, "but our power to review the summary judgment still would not be affected." See, also,Cincinnati Bengals, Inc. v. Cincinnati (1989), 57 Ohio App.3d 122, 131, where the court notes that its disagreement with the trial court's prior reasoning might furnish the basis for reversing the trial court's subsequent order, "[h]owever, our authority to review the issue of the earlier appeal would not be diminished."
 {¶ 22} Roberts may argue that the result we reach has the unfair effect of effectively having deprived him of the opportunity to make his argument, in the trial court, that he did not have a fair trial on his claim against Dr. Frasier and Dr. Frasier's practice, because, among other things, the erroneous summary judgment the trial court had previously rendered in favor of the other defendants subjected him, unfairly, to an "empty chair" defense. We do not take a position on whether this would be a valid argument. We do assert, however, that Roberts was free to make that argument, as he *Page 9 
did, and to assert, as error, the trial court's having failed to accept that argument and grant his motion for a new trial, in an appeal from the judgment rendered in favor of Dr. Frasier and Dr. Frasier's practice.
 {¶ 23} Roberts's sole assignment of error is overruled.
 III {¶ 24} Roberts's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1