OPINION
{¶ 1} Plaintiffs-appellants Adams Sons Pump Service, Inc. and Thomas Reasoner appeal from the September 25, 2006, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In July of 1997, appellees sold their pump business to appellants for $320,000.00. Subsequently, a lawsuit alleging breach of the agreement regarding the sale of the pump business was filed. On or about December 1, 1999, the parties entered into a Settlement Agreement that terminated such litigation.
 {¶ 3} On March 7, 2003, appellants filed a complaint in Case No. 2003 CVO 0863 against appellees, alleging that they had breached the terms of the December 1, 1999, Settlement Agreement. On or about October 22, 2004, the parties entered into a second Settlement Agreement. Section 11 of the October 22, 2001, Settlement Agreement states, in relevant part, as follows:
 {¶ 4} "The parties agree that the Court in Case No. 2003 CV 00863 shall retain jurisdiction to enforce the terms of this Agreement, and shall have the ability to issue sanctions and award parties any attorney's fees in enforcing this Agreement."
 {¶ 5} Pursuant to an Order of Dismissal filed on November 9, 2004, the case was dismissed with prejudice.
 {¶ 6} Thereafter, on August 11, 2005, appellants filed a Motion to Enforce the Settlement Agreement. Appellants, in their motion, specifically alleged that appellees had violated Sections 9 and 10 of the Settlement Agreement. Section 9 states, in relevant part, as follows: *Page 3 
 {¶ 7} "9. Doug Adams, Deborah Adams, John Adams and their successors and assigns agree that they shall change the name of Adams Sons Well Drilling, Inc., to `Doug Adams Well Drilling' or to some other name that:
 {¶ 8} "(i) Does not begin with the word `Adams';
 {¶ 9} "(ii) Does not begin with the letter `A' or a word that begins with the letter `A' unless it alphabetically follows `Adams' (i.e. `Alpha', `Apple', etc); and
 {¶ 1O} "(iii) Does not use the words `Adams Sons', `Adam Son', `Adams Son', or `Adam Sons.'
 {¶ 11} In turn, Section 10 states, in relevant part, as follows:
 {¶ 12} "10. Jeff Crowley and Danica Adams Crowley and their successors and assigns shall change the name of their business and completely remove the name Adams from the business name. Jeff Crowley and Danica Adams Crowley and their successors and assigns shall change the name to some other name that:
 {¶ 13} "(i) Does not contain the name Adams; and
 {¶ 14} "(ii) That does not begin with the letter `A';"
 {¶ 15} Appellants, in their motion, requested that they be awarded damages and sanctions against appellees and all of their attorney's fees incurred in pursuit of their motion.
 {¶ 16} On November 29, 2005, appellants filed a second Motion to Enforce Settlement Agreement, alleging that appellees had breached Section 1 of the Settlement Agreement by failing to pay appellants the sum of $120,000.00 by October 14, 2005, as required by the terms of the Settlement Agreement. Appellants, in their *Page 4 
motion, noted that such breach had occurred after they filed their first Motion to Enforce Settlement. Once again, appellants requested an award of attorney's fees.
 {¶ 17} A third Motion to Enforce Settlement Agreement was filed by appellants on December 12, 2005. Appellants, in their motion, alleged that appellees had sent a vague and undated advertisement to appellants' customers indicating a change of the name of the Company in violation of other language contained in Section 9 of the Settlement Agreement. Appellants specifically asked for damages and attorney's fees pursuant to Section 11 of the Settlement Agreement.
 {¶ 18} Pursuant to an Order filed on February 9, 2006, a hearing on appellants' August 11, 2005, and December 12, 2005, Motions to Enforce Settlement Agreement was set for April 14, 2006.
 {¶ 19} As memorialized in a Judgment Entry filed on February 14, 2006, the trial court found, with respect to appellants' November 29, 2005, Motion to Enforce Settlement Agreement, that appellees had not paid the $120,000.00, which was due by October 14, 2005, until December 16, 2005. The trial court awarded appellants interest on such amount at the rate of 4% per annum from October 14, 2005, to December 16, 2005. The trial court, in its entry, further stated, in relevant part, as follows: "The Court further awards Plaintiffs reasonable attorneys fees incurred in collecting this amount due. The amount of attorneys' fees will be determined at the hearing scheduled for April 14, 2006 at 9:30 a.m." The hearing was later continued to May 19, 2006.
 {¶ 20} A hearing on appellants' August 11, 2005, and December 12, 2005, Motions to Enforce Settlement Agreement was held on April 14, 2006, May 19, 2006, and June 29, 2006. At the commencement of the hearing, appellants' counsel indicated *Page 5 
on the record that, with respect to appellants' November 29, 2005, Motion to Enforce Settlement Agreement, that appellees had paid all interest, attorney's fees and costs associated with the same.
 {¶ 21} Pursuant to a Judgment Entry filed on September 25, 2006, the trial court found that appellees had intentionally breached the terms of the Settlement Agreement in the manner in which their company was listed in the Ameritech SBC Yellow Pages and the User Friendly Phonebook. The trial court further found that appellees intentionally had breached the Settlement Agreement by sending out a misleading notice of the company's name change. The trial court, in its entry, found that appellees intentional disregard of the Settlement Agreement "caused a potential loss of profit" to appellants and sanctioned appellees in the amount of $5,000.00 plus court costs. While the trial court, in its entry, further stated that, pursuant to Section 11 of the Settlement Agreement, it had the ability to order the parties to pay attorney's fees, it did not award attorney's fees to appellants.
 {¶ 22} It is from the trial court's September 25, 2006, Judgment Entry that appellants now appeal, raising the following assignment of error:
 {¶ 23} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO AWARD ATTORNEYS' FEES TO APPELLANTS DESPITE THE CLEAR LANGUAGE OF THE SETTLEMENT AGREEMENT AND THE COURT'S SPECIFIC FINDINGS OF AN INTENTIONAL BREACH OF THE SETTLEMENT AGREEMENT." *Page 6 
 I {¶ 24} Appellants, in their sole assignment of error, argue that the trial court erred in failing to award appellants attorneys' fees despite the language in the Settlement Agreement and despite the trial court's findings, in its September 25, 2006, Judgment Entry, that appellees had intentionally breached the Settlement Agreement.[1] We disagree.
 {¶ 25} As an initial matter, we note that the trial court, in its September 25, 2006, Judgment Entry, did not address appellants' request for attorney's fees. As is stated above, while the court, in its entry, noted that it had the ability to order the parties to pay attorney's fees, the trial court did not do so. When a trial court fails to rule on a motion, an appellate court generally will presume that it was overruled. See Newman v. Al Castrucci Ford Sales, Inc. (1988),54 Ohio App.3d 166, 561 N.E.2d 1001. Thus, we shall presume that the trial court denied appellants' request for attorneys' fees.
 {¶ 26} Appellants, in their sole assignment of error, argue that the trial court erred in failing to award them attorney's fees because they are entitled to the same pursuant to Section 11 of the Settlement Agreement. As is stated above, Section 11 states as follows:
 {¶ 27} "The parties agree that the Court in Case No. 2003 CV 00863 shall retain jurisdiction to enforce the terms of this Agreement,and shall have the ability to issue sanctions and award parties anyattorney's fees in enforcing this Agreement." (Emphasis added). *Page 7 
 {¶ 28} Appellants now contend that they were entitled to attorney's fees because the trial court, in its September 25, 2006, Judgment Entry, specifically found that appellees had intentionally breached the Settlement Agreement.
 {¶ 29} Basic principles of contract law apply in construing or enforcing an alleged settlement agreement. Rulli v. Fan Company,79 Ohio St.3d 374, 1997-Ohio-380, 683 N.E.2d 337. Courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, 509 N.E.2d 411, paragraph one of the syllabus. When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding intent not expressed in the clear language employed by the parties. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 246, 374 N.E.2d 146.
 {¶ 30} We find that Section 11 of the Settlement Agreement does not require the trial court to award sanctions in the event of a breach of the Settlement Agreement. Rather, such section clearly and unambiguously gives the trial court the ability to award attorney's fees. Thus, contrary to appellants' assertions, appellants were not "entitled" to attorney's fees pursuant to Section 11 of the Settlement Agreement.
 {¶ 31} An award of attorney's fees is within the discretion of the trial court, and a decision not to award attorney's fees may not be reversed absent abuse of discretion. Birath v. Birath (1988),53 Ohio App.3d 31, 558 N.E.2d 63. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 32} We find that the trial court did not err in declining to award attorney's fees. During the hearing in this matter, appellants did not present any evidence of actual *Page 8 
damages. The trial court, in its September 25, 2006 Judgment Entry, noted that appellees' intentional disregard of the Settlement Agreement caused "a potential loss of profit" to appellants and sanctioned appellees $5,000.00. Moreover, at the hearing, appellants did not produce any evidence with respect to attorney's fees incurred in filing the August 11, 2005, and December 12, 2005, Motions to Enforce even though they claimed they were entitled to such fees "in order to compensate [them] for losses caused by [Appellee's] intentional breach." Nor did appellants present any fee bills to the trial court. In short, appellants failed to prove such compensatory damages.
 {¶ 33} Appellants' sole assignment of error is, therefore, overruled.
 {¶ 34} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
 Edwards, J., Farmer, P.J., and Wise, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] Appellees have not appealed from the trial court's finding that they intentionally breached the Settlement Agreement. *Page 1