**MILLIS TRANSFER, INC., Appellant,**

v.

**Z & Z DISTRIBUTING COMPANY, Appellee.**

[Cite as *Millis Transfer, Inc. v. Z & Z Distrib. Co.* (1991), 76 Ohio App.3d 628.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–068.

Decided Dec. 31, 1991.

*Daniel T. Ellis,* for appellant.

*Walter J. Skotynsky,* for appellee.

HANDWORK, Presiding Judge.

This case is on appeal from the January 20, 1991 judgment of the Toledo Municipal Court, which denied the motion of appellant, Millis Transfer, Inc., for attorney fees as a Civ.R. 11 sanction. On appeal, appellant asserts the following assignments of error:

"A. The trial court erred in denying plaintiff-appellant Millis Transfer, Inc.'s motion for sanctions against Z & Z Distributing Company on the basis that it acted in bad faith in pursuing a cause of action without any lawful basis.

"B. The trial court erred in denying plaintiff-appellant Millis Transfer, Inc.'s motion for sanctions against Z & Z Distributing Company's attorney for violating Rule 11."

Appellant, a common carrier, brought suit on October 19, 1989, against appellee, Z & Z Distributing Company, to collect transportation and delivery charges incurred by appellee, plus interest, costs, and expenses. Appellee denied appellant's claim and also filed a counterclaim against appellant asserting that the goods delivered were spoiled because they were not properly refrigerated. Appellant denied appellee's counterclaim. On June 12,

1990, the court *sua sponte* dismissed appellee's counterclaim for lack of prosecution.

Appellant moved for summary judgment on its complaint, arguing that it was required by federal law to collect its tariff and that federal law barred appellee's defenses. In addition, appellant also filed the affidavit of its Director of Revenue Accounting, who attested that a timely claim for damaged goods was never filed with it by appellee. Appellee did not file a response to the motion for summary judgment. On August 31, 1990, the court granted appellant's motion for summary judgment on the "Complaint," as well as on Defendant's Counterclaim," and awarded appellant its damages, plus interest and costs.

On December 5, 1990, appellant filed a motion for sanctions "pursuant to Rule 11 of the *Ohio Rules of Civil Procedure* on the grounds that defendant and defendant's attorney willfully violated Civ.Rule 11." Appellant's law and argument centered on Civ.R. 11, except for one sentence in his motion which states that:

"There is no doubt that defendant and his counsel acted in bad faith justifying plaintiff's recovery of reasonable attorney fees."

Filed with the motion was the affidavit of appellant's counsel, Daniel T. Ellis, which he made to support the "motion for Rule 11 sanctions." Ellis attested that he contacted appellee on July 10, 1989, and informed it of appellant's claim and that appellee had to file a claim for damaged goods with appellant before appellee's claim could be considered. Ellis further attested that he informed appellee that the alleged claim of damaged goods was not a valid defense to appellant's claim for collection of its tariff. Ellis attests that he then contacted appellee's counsel, Walter J. Skotynsky, on July 10, 1989. Ellis told Skotynsky that appellee did not have a valid defense and mailed Skotynsky the statutes, regulations, and administrative rulings that supported appellant's argument. Ellis attests that he was informed on September 1, 1989, that appellee would not pay the tariff and that appellant would have to file suit to collect the tariff. Ellis further attested that appellant paid his firm $630.10 for the prosecution of the complaint and $3,402.24 for the defense of the counterclaim.

On December 18, 1990, appellee opposed the motion for sanctions. Appellee argued that Civ.R. 11 did not permit the court to subject the party to sanctions. In addition, appellee argued that monetary sanctions were not appropriate under Civ.R. 11. Appellee also argued that sanctions were not warranted because he was merely making appellant prove its claim. Appellee argued that there was no allegation of unjustified pleading. Finally, appellee argued that the American Rule allows attorney fees to be awarded only if the

party acted in "bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons," citing *Sorin v. Warrensville Hts. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 181, 75 O.O.2d 224, 226, 347 N.E.2d 527, 529. Appellee argued that the mere fact that a defense failed does not demonstrate bad faith.

On January 7, 1991, appellant replied to appellee's memorandum in opposition. Therein, appellant argued that "Defendant and its attorney acted in bad faith, in a vexatious manner, obdurately and for oppressive reasons justifying the court's imposition of sanctions against both of them." Thus, appellant asserted it was seeking attorney fees against appellee because it acted in bad faith and against Skotynsky for willfully violating Civ.R. 11. Appellant alleged that appellee's answer and counterclaim "were not based upon 'good grounds' and were interposed for improper purposes."

The municipal court denied appellant's motion for sanctions. The court noted that the motion specifically requested "expenses and attorney fees pursuant to Rule 11 of the Ohio Rules of Civil Procedure."

■ In its first assignment of error, appellant argues that the court erred when it denied the motion for sanctions against appellee, since appellee acted in bad faith in bringing its counterclaim without any lawful basis.

Since this issue was presented to the municipal court only in appellant's reply brief to appellee's memorandum in opposition to the motion for sanctions and the municipal court did not consider this issue, there is nothing for us to review as an appellate court. Therefore, appellant's first assignment of error is found not well taken.

■ In its second assignment of error, appellant argues that the court erred when it denied appellant's Civ.R. 11 motion for sanctions against appellee's attorney who signed appellee's answer denying appellant's claim and asserting a counterclaim. Appellant argues that the sanction should have been imposed because appellee was clearly liable based upon the law and facts.

■ The decision to impose sanctions under Civ.R. 11 is left to the discretion of the trial court and will not be reversed on appeal unless an abuse of discretion is shown. *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. An abuse of discretion constitutes "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *." *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 148.

We recently considered the issue of whether the trial court has the discretion to award reasonable attorney fees as a sanction for a willful violation of

Civ.R. 11 in *Gordon Food Service, Inc. v. Hot Dog John's, Inc.* (Oct. 25, 1991), 76 Ohio App.3d 105, 601 N.E.2d 131, Lucas App. No. L–90–293, unreported. Following *Mitchell v. Whitaker* (1986), 33 Ohio App.3d 170, 514 N.E.2d 937, we held that reasonable attorney fees incurred to respond to unjustified pleadings could be awarded as a sanction. See, also, *Boyd v. Biggert* (Nov. 4, 1988), Ottawa App. No. 4355, unreported, 1988 WL 118595. Accord *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001; *Buller v. Respicare, Inc.* (1987), 39 Ohio App.3d 17, 18, 528 N.E.2d 1282, 1283 (Whiteside, J., concurring); and *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160.

In the case before us, the municipal court concluded that appellant was entitled to judgment as a matter of law, without stating its reasons, with regard to the merits of the case. We presume that the court concluded that appellant was entitled to collect its tariff and that no valid defense to collection existed. Appellee did not challenge the granting of summary judgment. The affidavit of appellant's attorney evidences that appellee's attorney was informed of the law and facts supporting appellant's claim, but still filed the answer denying the claim and asserting a counterclaim. We find that this conduct constitutes a willful violation of Civ.R. 11. We further find that there were no mitigating factors presented by appellee's attorney to justify his actions. Accordingly, we find that the municipal court abused its discretion when it denied appellant's request for attorney fees as a Civ.R. 11 sanction. Appellant's second assignment of error is found well taken.

The judgment of the Toledo Municipal Court is reversed. This cause is remanded to the Toledo Municipal Court for a hearing regarding the amount of reasonable attorney fees to be awarded.

We find that there were reasonable grounds for this appeal. Appellee is hereby ordered to pay the court costs incurred on appeal pursuant to App.R. 24.

*Judgment reversed*
*and cause remanded.*

ABOOD and MELVIN L. RESNICK, JJ., concur.