In this action for wrongful death based upon medical malpractice, plaintiff-appellant Carol Briscoe appeals from the trial court order that both struck her complaint brought as administratrix of the estate of her son against defendant-appellee St. Luke's Medical Center and dismissed her case. The trial court stated as the basis for its order that appellant's "complaint was not signed by an attorney licensed to practice law in Ohio."
Although appellant contends the trial court's order was improper for several reasons, this court finds two of appellant's contentions are dispositive of this appeal since the trial court's action constituted an abuse of its discretion. The trial court neither had a proper basis for the order nor gave appellant notice of its intention to dismiss the case. The order of the trial court, therefore, is reversed.
The record reflects appellant, acting pro se, filed the instant action against "St. Luke's Medical Center, et al" on August 19, 1997. The case duly was assigned to a Cuyahoga County Court of Common Pleas judge.
In the caption of the case, appellant styled herself as "ADMRX of ESTATE OF INFANT ERVIN LEE BRISCOE." Appellant stated in the first paragraph of her complaint under the heading "FIRST CAUSE" that she was bringing the wrongful death action pro se as "duly appointed * * * personal representative" of the estate of her child. As proof of this, appellant attached to her complaint the following two exhibits: (1) a notarized affidavit dated August 19, 1997 in which she stated she had been appointed by the probate court and (2) a copy of the fetal death certificate of Ervin Lee Briscoe.
In the second paragraph of her complaint, appellant stated she "was in her third trimester of pregnancy * * * when she was struck by a truck * * *." The remaining paragraphs of appellant's complaint contained quotes from appellant's medical records and contained allegations that on August 14 and 15, 1995, after the accident, appellee and its staff had given appellant and her fetus negligent treatment, which caused Ervin Lee Briscoe "to be stillborn on August 19, 1995." Appellant attached portions of her medical records as "exhibits" to support paragraphs two through twelve of the complaint.
In paragraph fifteen of the complaint, appellant alleged that the fetus "was survived by his parents [appellant], Michael Carpenter, his grandparent and other next of kin, all of whom are beneficiaries of this action."
Thereafter, under the heading "SECOND CAUSE," the complaint stated, "Now comes (sic) the plaintiffs, [APPELLANT] and MICHAEL CARPENTER * * *." In these paragraphs of the complaint, appellant alleged the several specific actions of appellee that formed the basis of her claim of negligence and that she alleged were the "direct and proximate" cause of Ervin Lee Briscoe's "deceased injuries." Appellant stated in paragraph twenty-nine that "[a] true copy to identify the names and addresses of all potential parties" would "follow."
Finally, appellant demanded judgment in the amount of $3 million against appellee and "IT (sic) EMERGENCY DEPARTMENT, EMERGENCY PHYSICIANS, EMERGENCY OBSTETRIC STAFF, AS WELL AS ALL CODEFENDANTS WHO (sic) NAMES WHICH WILL BE DETERMINED AT OR BEFORE TRIAL." Appellant signed the complaint simply "Carol Ann Briscoe" over the listing of her home address.
On September 10, 1997, appellee filed its answer to appellant's complaint. Therein, appellee denied the pertinent allegations of the complaint and, further, listed several affirmative defenses, including failure to state a claim upon which relief could be granted and failure to join necessary and indispensable parties.
On October 8, 1997 appellant filed a pro se request for "leave to plead." Appellant indicated she was acting "to secure counsel" to aid her in answering appellee's demands for discovery. The trial court subsequently granted appellant's request, permitting appellant until November 7, 1997 to respond.
On November 24, 1997 the trial court issued a journal entry stating that since the action previously had been filed and dismissed, it was transferred to the original trial judge's docket[1].
Approximately two months later, on February 5, 1998. Attorney Mark A. Amaddio filed a notice of appearance of counsel in the case, stating appellant was "now being represented by" him. No further pleadings or motions appear in the record.
On February 23, 1998 the trial court issued, sua sponte, its final order in this case,[2] stating only the following:
 COMPLAINT STRICKEN FROM THE DOCKET; COMPLAINT WAS NOT SIGNED BY AN ATTORNEY LICENSED TO PRACTICE LAW IN OHIO. CASE DISMISSED; FINAL.
Although appellant subsequently filed in the trial court, by and through counsel, a motion for reconsideration of the foregoing order, the trial court did not rule upon it.[3]
Appellant thereafter filed a timely notice of appeal from the trial court's order. Appellant presents five assignments of error for review. Since two of her assignments of error are dispositive of this appeal, they are set forth as follows:
 II. THE TRIAL COURT ERRED BY DISMISSING THE LAWSUIT AND STRIKING THE COMPLAINT FROM THE RECORD BECAUSE THE PROPER PROCEDURE IS TO ALLOW THE PLAINTIFF TO SEEK COUNSEL OR PROVIDE HER WITH NOTICE THAT THE CASE MAY BE DISMISSED IF SHE DOES NOT SEEK COUNSEL.
 III. THE TRIAL COURT ERRED BY DISMISSING THE LAWSUIT AND STRIKING THE COMPLAINT FROM THE RECORD BECAUSE THE PLAINTIFF HAS THE RIGHT TO FILE THIS CASE PRO SE AS SHE WAS THE DULY APPOINTED ADMINISTRATRIX OF THE ESTATE AT THE TIME THE CASE WAS FILED AND AT THE TIME THE CASE WAS DISMISSED.
In these assignments of error, appellant argues the trial court abused its discretion when it sua sponte dismissed her complaint without notice for its failure to contain the signature of an attorney. Appellant's argument has merit.
The trial court stated as its sole reason for striking appellant's complaint and thus for dismissing appellant's case the fact that the complaint had not been "signed by an attorney." As appellee apparently acknowledges in its brief to this court, a perusal of the judgment entry in conjunction with the sources of the trial court's inherent authority fails to demonstrate any possible basis for such an action other than Civ.R. 11.See, e.g., State ex rel. Edwards v. Toledo City School Dist.Bd. of Edn.(1995), 72 Ohio St.3d 106 at 108; C.P.Sup.R. 6; Loc.R. 8 (A), 18. Civ.R. 11 states:
 RULE 11. Signing of pleadings, motions, or other papers.
 Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. (Emphasis added.)
Clearly, the rule does not require the signature of an attorney when a litigant is proceeding pro se. The rule, however, does permit the trial court to take "appropriate action" if it deems the party willfully has signed a pleading "with intent to defeat the purpose of this rule."
Any action the trial court takes against a party pursuant to Civ.R. 11, since it is designed to instill respect for the trial court's authority, is, necessarily, a sanction. A trial court's decision to impose a sanction for failure to comply with Civ.R. 11 will not be disturbed on appeal absent an abuse of discretion.Burns v. Henne(1996), 115 Ohio App.3d 297; MillisTransfer, Inc. v. Z Z Distrib. Co. (1991), 76 Ohio App.3d 628.
There is some appellate authority for the proposition that a trial court may impose the sanction of dismissal simply on the ground the party failed "to follow the provisions of Civ.R. 11."Sitch v. O'Lenic (May 1, 1995), Mahoning App. No. 94 C.A. 90, unreported.
Nevertheless, other appellate courts have not adhered to this position, noting as the basis for their decisions the rule's requirement that a party's intent with respect to the pleading first must be ascertained. See, e.g., Haubeil Sons Asphalt Materials, Inc. v. Brewer Brewer Sons, Inc.(1989), 57 Ohio App.3d 22;Gordon Food Serv. Inc. v. Hot Dog John's,Inc. (1991), 57 Ohio App.3d 105; Burns v. Henne,supra; cf., Newman v. Al Castrucci Ford Sales, Inc. (1988),54 Ohio App.3d 166. This is the position that has been adopted by this court. Sweeney v. Hunter(1991), 76 Ohio App.3d 159;Osiatynski v. Schwartz(Apr. 3, 1997), Cuyahoga App. No. 71175, unreported; Goff v. Ameritrust Co.(May 15, 1994), Cuyahoga App. Nos. 65196, 66016, unreported.
Moreover, the Ohio Supreme Court consistently has admonished trial courts to give notice to a party prior to taking any action that would result in dismissal of a case even if the action were intended as a sanction. See, e.g., Gaines v. Pearson
(1987), 33 Ohio St.3d 64; Ohio Furniture Co. v. Mindala
(1986), 22 Ohio St.3d 99.
In response to one of appellant's arguments, appellee citesState ex rel. Fogle v. Steiner(1995), 74 Ohio St.3d 158 at 161 for the proposition that a trial court sua sponte may dismiss a "frivolous" complaint without notice; however, there are two insurmountable obstacles to appellee's proposition.
First, the trial court in this case did not dismiss appellant's case pursuant to Civ.R. 12(B)(6), as did the court in Fogle;
rather, appellant's case was dismissed because the complaint was stricken merely for its lack of an attorney's signature. Moreover, appellee cites many "facts" upon which it bases its conclusion that appellant's claims were "frivolous" that are not contained in the record on appeal; however, this court is precluded from either making or considering such factual findings. State v. Ishmail(1978), 54 Ohio St.2d 402, syllabus 1;State v. Peagler(1996), 76 Ohio St.3d 496. Although it may be impossible for appellant to pursue her action, as appellee asserts in its brief to this court, there is no evidence in the record to demonstrate her action is "frivolous." For these reasons, Fogle is inapplicable to this case.
A review of appellant's pleading and affidavit attached thereto fails to support the conclusion that she willfully intended to violate Civ.R. 11 in signing her name to the complaint. Under these circumstances, the trial court abused its discretion when, without notice, it sua sponte ordered appellant's complaint stricken and dismissed appellant's case.
Accordingly, appellant's second and third assignments of error are sustained.
In view of the disposition of the foregoing assignments of error, appellant's remaining assignments of error[4] need not be addressed. App.R. 12(A)(1)(c); Burns v. Henne, supra.
The order of the trial court is reversed. This case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion. It is, therefore, considered that said appellant recover of said appellees her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. MICHAEL J. CORRIGAN, J. CONCUR.
 ___________________________________ JUDGE KENNETH A. ROCCO
N.B. This entry is an announcement of the court's decision. See App.R. 22(B). 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The original papers from Case No. 313493 were not included in the record on appeal.
[2] The order was signed by the judge to whom the case had been assigned previously.
[3] Since motions for reconsideration filed in the trial court are not prescribed by the Ohio Rules of Civil Procedure, they are treated as a nullity. Pitts v. Ohio Department of Transportation
(1981), 67 Ohio St.2d 378 at syllabus 1.
[4] Appellant's remaining assignments of error are set forth below:
 I. THE TRIAL COURT ERRED WHEN IT DISMISSED THE LAWSUIT BECAUSE DEFENDANTS HAD WAIVED THE ISSUE OF WHETHER OR NOT THE PRO SE PLAINTIFF COULD REPRESENT HERSELF IN A WRONGFUL DEATH CLAIM.
 IV. THE TRIAL COURT ERRED BY DISMISSING THE LAWSUIT AND STRIKING THE COMPLAINT FROM THE RECORD BECAUSE THE OHIO CONSTITUTION PROVIDES PLAINTIFF THE CONSTITUTIONAL RIGHT TO REDRESS FOR INJURY AND RIGHT TO DUE PROCESS.
 V. THE TRIAL COURT ERRED BY STRIKING THE COMPLAINT FROM THE RECORD AS THE PROPER PROCEDURE WHEN A NON-ATTORNEY FILES A COMPLAINT IN COURT IS TO DISMISS THE COMPLAINT WITHOUT PREJUDICE RATHER THAN STRIKING THE COMPLAINT FROM THE RECORD.