OPINION
 STATEMENT OF THE FACTS
This cause arose in the Lancaster, Ohio Municipal Court in two separate small claims cases for commissions. The counterclaim resulted in jurisdictional transfer to the Common Pleas Court.
The Amended Complaint added wrongful discharge, assault and failure to pay overtime.
The assault count was dismissed.
The trial court sustained appellee's Summary Judgment motion as to constructive discharge and denied appellant's motion as to various issues of the Amended Complaint.
The trial court, after evidence, sustained appellee's Motion for Directed Verdict on appellant's Fair Labor Standards Act causes of action and as to commissions on certain accounts.
Appellant recovered a verdict of $3,200.00 for unpaid commissions.
The trial court awarded attorney fees and expenses to appellees as sanctions under Civ. R. 37(C) for failure of an affirmative response on his status as an outside salesman.
Pre-Judgment interest was denied:
ASSIGNMENTS OF ERROR
 I. TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR DIRECTED VERDICT AS TO APPELLANT'S FLSA CLAIM.
 II. TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR DIRECTED VERDICT AS TO APPELLANT'S BREACH OF CONTRACT CLAIM RELATED TO THE STATE AUTO SALE.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR PRE-JUDGMENT INTEREST.
 IV. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR ATTORNEY FEES.
 I.
The First Assignment of Error addresses the propriety of the directed verdict as to appellee's motion relating to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, requirements of overtime pay after forty work hours per week for non-exempt employees.
Appellant was employed as a salesman to call upon businesses or other entities relative to equipment/machines related to various aspects of postal mailing.
The question in issue became the status of his employment relative to exemption from required overtime pay, i.e. whether he was an "inside" or "outside" salesman under the applicable Federal Regulations.
An "outside" salesman is defined under FLSA regulations29 C.F.R. § 541.500 as a sales employee:
 (1) "[w]ho is customarily and regularly engaged away from his employer's place of business" in making sales for tangible property or services; and
(2) who does not devote more than 20% of his time to activities other than outside sales.
As stated by appellant, 29 C.F.R. § 541.502, .503, .504, .506 and .507 provide:
 § 541.502(a) Section 541.5 requires that an outside salesman be customarily and regularly engaged "away from his employer's place or places of business". This requirement is based on the obvious connotation of the word "outside" in the term "outside salesman". It would obviously lie beyond the scope of the Administrator's authority that "outside salesman" should be construed to include inside salesmen. Inside sales and other inside work (except such as is directly in conjunction with and incidental to outside sales and solicitations, as explained in paragraph (b) of this section) is nonexempt.(b) Characteristically the outside salesman is one who makes his sales at his customer's place of business. This is the reverse of sales made by mail or telephone (except where the telephone is used merely as an adjunct to personal calls). Thus any fixed site, whether home or office, used by a salesman as a headquarters or for telephonic solicitation of sales must be construed as one of his employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property. It should not be inferred from the foregoing that an outside salesman loses his exemption by displaying his samples in hotel sample rooms as he travels from city to city; these sample rooms should not be considered as his employer's places of business.
 § 541.503Work performed "incidental to and in conjunction with the employee's own outside sales or solicitation" includes not only incidental deliveries and collections which are specifically mentioned in §§ 541.5(b), but also any other work performed by the employee in furthering his own sales efforts. Work performed incidental to and in conjunction with the employee's own outside sales or solicitations would include, among other things, the writing of his sales reports, the revision of his own catalog, the planning of his itinerary and attendance at sales conferences.§ 541.504(a) Promotion work is one type of activity often performed by persons who make sales, which may or may not be exempt work, depending upon the circumstances under which it is performed. Promotion men are not exempt as "outside salesmen." (This discussion relates solely to the exemption under §§ 541.5, dealing with outside salesmen. Promotion men who receive the required salary and otherwise qualify may be exempt as administrative employees.) However, any promotional work which is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations is clearly exempt work. On the other hand, promotional work which is incidental to sales made, or to be made, by someone else cannot be considered as exempt work. Many persons are engaged in certain combinations of sales and promotional work or in certain types of promotional work having some of the characteristics of sales work while lacking others. The types of work involved include activities in borderline areas in which it is difficult to determine whether the work is sales or promotional. Where the work is promotional in nature it is sometimes difficult to determine whether it is incidental to the employee's own sales work.
 (b)(2) This manufacturer's representative may perform various types of promotional activities such as putting up displays and posters, removing damaged or spoiled stock from the merchant's shelves or rearranging the merchandise. Such persons can be considered salesmen only if they are actually employed for the purpose of and are engaged in making sales or contracts. To the extent that they are engaged in promotional activities designed to stimulate sales which will be made by someone else the work must be considered nonexempt. With such variations in the methods of selling and promoting sales each case must be decided upon its facts. In borderline cases the test is whether the person is actually engaged in activities directed toward the consummation of his own sales, at least to the extent of obtaining a commitment to buy from the person to whom he is selling. If his efforts are directed toward stimulating the sales of his company generally rather than the consummation of his own specific sales his activities are not exempt. Incidental promotional activities may be tested by whether they are "performed incidental to and in conjunction with the employee's own outside sales or solicitations" or whether they are incidental to sales which will be made by someone else.
 § 541.506Nonexempt work is that work which is not sales work and is not performed incidental to and in conjunction with the outside sales activities of the employee. It includes outside activities like meter-reading, which are not part of the sales process. Inside sales and all work incidental thereto are also nonexempt work. So is clerical warehouse work which is not related to the employee's own sales. Similarly, the training of other salesmen is not exempt as outside sales work, with one exception. In some concerns it is the custom for the salesman to be accompanied by the trainee while actually making sales. Under such circumstances it appears that normally the trainer-salesman and the trainee make the various sales jointly, and both normally receive a commission thereon. In such instances, since both are engaged in making sales, the work of both is considered exempt work. However, the work of a helper who merely assists the salesman in transporting goods or samples and who is not directly concerned with effectuating the sale is nonexempt work.
 § 541.507 Nonexempt work in the definition of "outside salesman" is limited to "20 percent of the hours worked in the workweek by nonexempt employees of the employer." The 20 percent is computed on the basis of the hours worked by nonexempt employees of the employer who perform the kind of nonexempt work performed by the outside salesman. If there are no employees of the employer performing such nonexempt work, the base to be taken is 40 hours a week, and the amount of nonexempt work allowed will be 8 hours a week.
Civil Rule 50(A)(4) states:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A motion for directed verdict tests legal sufficiency of evidence, and therefore presents question of law, even though in deciding such motion it is necessary to review and consider evidence.
A Court of Appeals must make an independent review of the lower court's grant of a motion for directed verdict. Howell v. Dayton Power and Light
(1995), 102 Ohio App.3d 6.
We must examine the evidence presented in light of the requirements of Civ. R. 50(A)(4), keeping in mind that the burden of proof, as an affirmative defense, is construed against the employer as to appellant's exempt status as an outside salesman. Corning Glass Works v. Brennan
(1974), 417 U.S. 188.
Until shortly before his termination in April, 1977, appellant was paid entirely on a commission basis, an exception being during his initial training period.
Appellant would make appointments, assist in demonstrating products and, on occasion, attend trade shows, all in furtherance of such sales.
There is no testimony of closings of sales by appellant taking place at appellee's place of business.
While appellant's normal work day was approximately 8:00 a.m. to 5:00 p.m., he was not paid on an hourly basis (T. at 201) and did not keep a record of his time. (T. at 212).
Appellant testified that he often worked overtime but no specific non-speculative testimony was provided as to hours worked in excess of the 40 hour per week base.
The office manager at some period kept a time record and testified that appellant was never in the office past 5:00 p.m. This testimony is limited, however, by the fact that her work day was altered to 7:00 a.m. to 4:00 p.m. (T. at 706,707). Appellee stated that appellant did not work past 5:00 p.m.
Appellant produced a phone record in support of his contention that he spent in excess of 20 percent of his time in the office. (T. at 760-762). However, he admitted that such phone summary had no relation to actual office time (T. at 763) because phone calls from the office to set outside appointments were necessary.
Appellant's counsel acknowledges that actual phone time spent by appellant was, at most, 45 minutes per day. (T at 795).
In addition, appellant testified that he put 150,000 to 200,000 miles on his vehicle for business purposes. (T. at 211).
Appellant argues, in support of the First Assignment of Error, that the trial court in its directed verdict ruling used the wrong standard.
We disagree.
While the trial court did include in its statements from the bench a reference to the question of whether a "scintilla of evidence" indicating a dispute was present, the ruling was based on the view of the evidence from a `reasonable mind' conclusion in conformity with Civ. R. 50(A)(4).
After an independent review of the six volumes of the transcript we must agree that reasonable minds could come to but one conclusion. The evidence indicating that appellant was an "inside" salesman is lacking while the evidence to support the conclusion that appellant was an "outside" salesman, exempt from overtime pay, is abundantly clear.
We therefore overrule the First Assignment of Error.
 II.
The Second Assignment of Error relates to the State Auto commission claim alleging a breach of contract.
We disagree.
Fairfield, Case No. 01 CA 610
It is undisputed that the purchase order of State Auto was executed after appellant terminated his employment with appellee. (T. at 482.).
The written policy specified in Exhibit 20 excludes commissions on post-employment purchase contracts. Notwithstanding prior negotiations with State Auto, no contract requiring purchase had occurred: Other than Mr. Campbell's opinions and some references that State Auto desired that appellant receive a commission, nothing was provided to the trial court as to a contractual obligation, the breach of which occurred, whereby the directed verdict ruling was incorrectly determined. We agree with the holding of Weiper V. W.A. Hill and Associates (1995), 104 Ohio App.3d 250
that, in the absence of evidence of industry custom, an agreement to pay commissions on contracts after termination of employment must be present.
Since neither custom nor contract exists in the evidence we deny the Second Assignment of Error.
 III.
In the Third Assignment of Error, appellant argues that the trial court erred in its denial of pre-judgment interest.
We agree.
The trial court in effect determined that the mathematical calculation of commissions was not sufficiently clear to accede to appellant's demand.
While we agree that appellee was not required to pay such commissions which appellant deemed applicable, the jury was able to make the mathematical computations of commissions due.
The pre-judgment interest in this case was based on contract, not tort. In the latter, the court must deal in an examination of good faith, cooperation, etc.
Revised Code § 1343.03(A) obligates interest based on contract be paid at ten per-cent (10%) of the amount due. Royal Electric ConstructionCorp. v. Ohio State University (1995), 73 Ohio St.3d 110.
Therefore, we reverse as to the demand of pre-judgment interest and remand for the determination and order of payment of interest at ten percent on the commissions included in the jury verdict.
Appellant's Third Assignment of Error is sustained.
 IV.
The last and Fourth Assignment of Error objects to the trial court's award as to attorney fees due appellee by way of a sanction for failing to admit that appellant was an "outside" salesman.
This Court, in its discretion, was required to view the evidence presented as a basis for the overtime claim against the language relating to good faith as encompassed in Civ. R. 37 (C).
The decision to impose sanctions is left to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.Mills Transfer, Inc. v. Z Z Distributing Co. (1991), 76 Ohio App.3d 628.
The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
Upon reviewing the record in this cause, we find no abuse of discretion in the trial court's award of attorney fees and reject the Fourth Assignment of Error.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Common Pleas Court is affirmed in part, reversed in part and remanded.
Costs to Appellant.
Hon. Sheila G. Farmer, J. Hon. Julie A. Edwards, P.J. Hon. John F. Boggins, J. concur.