OPINION
 STATEMENT OF THE FACTS AND CASE
On July 20, 2000, Appellant filed a complaint, pro se, against Appellee alleging intentional infliction of serious emotional distress with a second count for punitive damages.
On July 20, 2001, Appellant filed a motion for attachment with an affidavit containing allegations that Appellee had made statements which interfered with Appellant's employment contract.
On February 7, 2001, Appellee filed a pro se Motion for Summary Judgment.
On February 22, 2001, Appellant filed a memorandum contra.
On April 30, 2001, the trial court denied Appellee's Motion for Summary Judgment.
On July 6, 2001, Appellee, through counsel, moved the trial court for leave to file a second motion for summary judgment and also served Appellant with a notice to take her deposition.
Said deposition was scheduled for August 17, 2001, at the Knox County Courthouse.
On August 7, 2001, the trial court granted leave to file a second motion for summary judgment, upon completion of discovery.
Appellant failed to show for the scheduled deposition.
Appellant did not seek a protective order.
On August 20, 2001, Appellee filed a motion for sanctions pursuant to Civ.R. 37(D) requesting dismissal.
Knox County Loc.R. 5.01 required Appellant to respond to said motion within fourteen days.
On September 20, 2001, thirty-one days after the Motion for Sanctions was filed, Appellant filed a Memorandum in Response.
Appellant's Memorandum in Response conceded that she failed to attend her own deposition.
On September 27, 2001, the trial court granted Appellee's Motion for Sanctions and dismissed the cause of action with prejudice.
It is from this decision that Appellant appeals, assigning the following errors:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT FAILED TO ACT IMPARTIALLY.
 II. THE TRIAL COURT ERRED, ACTED CONTRARY TO LAW, AND ABUSED ITS DISCRETION WHEN IT ENTERED A DEFAULT JUDGMENT, THE MOST SEVERE OF SANCTIONS, IN FAVOR OF THE APPELLEE.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE APPELLANT'S SUIT WITH PREJUDICE.
 I, II, III
Appellant's assignments of error argue that the trial court abused its discretion in dismissing her case with prejudice and that such was contrary to law. We disagree.
It should be noted, that in her second assignment of error, Appellant states that the trial court "entered a default judgment . . . in favor of the appellee."
There was no default judgment granted in this case in favor of Appellee as there was no counterclaim filed by Appellee. The Court granted a dismissal pursuant to Civ.R. 37(D).
We find that the trial court's dismissal of this action was not contrary to law in that Civ.R. 37(D) provides for same. Civ.R. 37(D) provides, in pertinent part:
 (D) Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection. If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories . . ., the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this Rule.
Civ.R. 37(B)(2) provides:
(B) Failure to comply with order.
* * *
 (2) If any party . . . fails to obey an order to provide or permit discovery . . ., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: * * * (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. (Emphasis added).
We further find that the trial court's dismissal of this action was not contrary to law in that Civ.R. 41(B)(1) also allows dismissal. Civ.R. 41(B)(1) governs involuntary dismissals, and provides in pertinent part:
 Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim
The decision to impose sanctions is left to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.Mills Transfer, Inc. v. Z Z Distributing Co. (1991), 76 Ohio App.3d 628. The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is also within the sound discretion of the trial court. Jones v. Hartranft (1997),78 Ohio St.3d 368, 371; Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91. The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
We must determine whether Appellant received the notice due under Civ.R. 41(B)(1). In Mindala, the Ohio Supreme Court held that "the notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." (Emphasis sic.) Mindala,22 Ohio St.3d at 101. The Ohio Supreme Court has also stated that "[t]he purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" Logsdon v. Nichols (1995), 72 Ohio St.3d 124,128, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 357, Section 13.07.
The record indicates that Appellant was on notice that the action could be dismissed. Appellant was aware that Appellee had filed a motion requesting the court to dismiss her claim with prejudice. In fact, Appellant filed a responsive pleading to said motion. It is apparent that Appellant was on notice of the possibility of dismissal with prejudice.
The Ohio Supreme Court has held that for purposes of Civ.R. 41(B)(1), notice is present of an impending dismissal with prejudice for failure to comply with a discovery order when the Appellant, or counsel, has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal. Quonset Hut, Inc. v. Ford MotorCo. (1997), 80 Ohio St.3d 46. See Logsdon, 72 Ohio St.3d at 129,647 N.E.2d at 1365-1366 (Cook, J., concurring in part and dissenting in part) (the notice required by Civ.R. 41[B][1] need not be actual but may be implied when reasonable under the circumstances).
We turn now to the issue of whether the trial court abused its discretion in dismissing this case with prejudice. Prior to the trial court dismissing the case, Appellant had notice and an opportunity to respond to Appellee's Motion for Sanctions requesting dismissal.
Nothing in the record suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. While the trial court could have expressly notified Appellant that dismissal with prejudice was imminent, its failure to do so was not an abuse of discretion because Appellant was already on implied, if not actual, notice. Quonset Hut, supra.
We conclude that the trial court did not act in an unreasonable, arbitrary, or unconscionable manner and accordingly did not abuse its discretion in dismissing this case with prejudice.
The decision of the Knox County Court of Common Pleas is affirmed.
By: BOGGINS, J., FARMER, P.J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed. Costs assessed to Appellant.