[Cite as *Wiltz v. Moundbuilders Guidance Ctr.*, 2012-Ohio-1798.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CASSANDRA WILTZ | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11-CA-22 |
| MOUNDBUILDERS GUIDANCE | : | |
| CENTER, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Case No. 2009CV00212


JUDGMENT:     AFFIRMED


DATE OF JUDGMENT ENTRY:     April 12, 2012


APPEARANCES:

For Appellant:                                         For Appellees:

CASSANDRA WILTZ                            BRIGID E. HEID
P.O. Box 64                                         366 E. Broad St.
Delaware, OH 43015                           Columbus, OH 43215

                                                           KELLY KAUFFMAN
For Appellees:                                     191 W. Nationwide Blvd., Suite 300
                                                           Columbus, OH 43215

MICHAEL W. HAWKINS
1900 Chemed Center                          ROBERT H. STOFFERS
255 E. 5th St.                                       MICHAEL S. LOUGHRY
Cincinnati, OH 45202                           AMY S. THOMAS
                                                           250 Civic Center Dr., Suite 400
                                                           Columbus, OH 43215

*Delaney, J.*

{¶1} Plaintiff-Appellant Cassandra Wiltz appeals the January 31, 2011 decision of the Licking County Court of Common Pleas dismissing Appellant's complaint.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 3, 2009, Appellant filed a pro se civil complaint against the following Defendants-Appellees: Moundbuilders Guidance Center, Behavioral Health Care Partners, Inc., Community Mental Health Recovery Board, Park National Bank, Forman and Associates Consulting, Jeff Forman, Laura Edelblute, Patrick Evans, Robin Lupher, John Kozak, Michael Smith, Michael Whitehead, Lannie Stoll, Mike Piper, John Berry, Louise Berry, Ole Bay, Stephen Mullendore, John Capper, and Debbie Kirk. In her complaint, Appellant asserted claims for violation of Ohio's Whistle Blowers Act, wrongful discharge in violation of public policy, race discrimination and/or retaliation, and intentional infliction of emotional distress.

{¶3} The record in this case is replete with motions to amend, motions to dismiss, requests for discovery, and motions to compel. The following is a limited recitation of the procedural history resulting in the appeal sub judice.

{¶4} Appellees served Appellant with a notice of Appellant's deposition by regular and certified mail. The notice of deposition confirmed the dates for the deposition as August 10 and 11, 2010. Appellant received the certified notice of deposition on July 28, 2010. Appellant did not appear for the August 10, 2010 deposition.

{¶5}   On September 15, 2010, Appellees filed a motion to compel Appellant's attendance at deposition.  The trial court held an oral hearing on the motion to compel on September 24, 2010.  By judgment entry on September 28, 2010, the trial court granted Appellees' motion to compel and ordered Appellant to appear for deposition on December 6, 8, 9, and 10, 2010 at the office of Appellees' legal counsel.

{¶6}   On December 6, 2010, Appellant called the law office and stated she could not attend the deposition because of a medical emergency.  Appellant explains in her Appellant's brief that she had an emergency tooth extraction on December 6, 2010.

{¶7}   On December 8, 2010, Appellees convened for Appellant's deposition, but Appellant did not appear.  Appellees claim Appellant did not contact anyone to advise Appellees she would not be appearing.  Appellees left a message for Appellant and notified her they were canceling the deposition scheduled for December 9 and 10, 2010 due to Appellant's absences.

{¶8}   Appellant states on December 8, 2010, she requested Appellees reschedule the deposition and provide her with new dates.

{¶9}   Appellees filed a Joint Motion to Dismiss and For Sanctions with the trial court on December 6, 2010.  In their motion, Appellees requested the trial court dismiss Appellant's complaint with prejudice as a discovery sanction pursuant to Civ.R. 37(B)(2)(c) for Appellant's failure to comply with the September 28, 2010 judgment entry ordering Appellant to appear for deposition.  Pursuant to Loc.R. 5(B) of the Court of Common Pleas of Licking County, General Division, the motion included a notice of a non-oral hearing scheduled for December 21, 2010 at 4:30 p.m.

{¶10} Appellees filed supplemental motions to their joint motion for sanctions on December 10, 2010 and December 13, 2010.

{¶11} On or before December 6, 2010, Appellant filed an affidavit with the Ohio Supreme Court under R.C. 2701.03 seeking to disqualify Judge W. David Branstool from further proceedings in the case. In her affidavit, Appellant alleged the judge was biased against her and in favor of Appellees.

{¶12} On January 3, 2011, Appellant sent a letter to the trial court, notifying the trial court it was her intent to file a response to the joint motion to dismiss and for sanctions. Appellant requested the trial court advise her of when her response to the joint motion was due and when the trial court scheduled a hearing on the joint motion.

{¶13} The Ohio Supreme Court denied Appellant's affidavit of disqualification and the judgment entry was filed with the Licking County Clerk of Courts on January 4, 2011.

{¶14} On January 31, 2011, the trial court granted Appellees' joint motion to dismiss and for sanctions. The trial court dismissed Appellant's complaint with prejudice.

{¶15} Appellant filed a motion for relief from judgment on February 16, 2011.

{¶16} On March 2, 2011, Appellant filed her notice of appeal of the January 31, 2011 judgment entry dismissing Appellant's complaint.

**ASSIGNMENTS OF ERROR**

{¶17} Appellant raises five Assignments of Error:

{¶18} "I. THE TRIAL COURT ERRED, PREVENTED THE PLAINTIFF FROM OPPOSING THE DEFENDANTS' MOTIONS, AND DENIED THE PLAINTIFF'S DUE

PROCESS RIGHT TO BE HEARD BY THE COURT, BY DISMISSING THE PLAINTIFF'S CASE (ON THE BASIS OF THE DEFENDANTS' MOTIONS FOR SANCTIONS AND REQUESTS FOR AN ORAL HEARING) WITHOUT SCHEDULING EITHER AN ORAL OR NON-ORAL HEARING FOR THE DEFENDANTS' MOTIONS, WITHOUT ADVISING THE PLAINTIFF OF THE INTENT TO CONDUCT A NON-ORAL HEARING, AND WHILE FAILING AND REFUSING TO RESPOND TO THE PLAINTIFF'S REQUESTS TO KNOW WHEN A HEARING WOULD TAKE PLACE (AND TO KNOW WHEN THE PLAINTIFF'S OPPOSITION TO THE MOTIONS WAS DUE).

{¶19} "II. THE TRIAL COURT JUDGE ABUSED HIS DISCRETION AND MADE AN ORDER THAT WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE, WHEN HE DISMISSED THE PLAINTIFF'S COMPLAINT 'AS A SANCTION, FOR FAILURE TO ATTEND A DEPOSITION', GIVEN THAT THE PLAINTIFF DID NOT ATTEND THE DEPOSITION BECAUSE OF ILLNESS AND THE JUDGE WAS ACTING UPON HIS BIAS AGAINST THE PLAINTIFF."

{¶20} "III. THE TRIAL COURT JUDGE'S BIAS AGAINST THE PLAINTIFF (IN APPEARANCE AND IN FACT) AND DESIRE TO RETALIATE AGAINST THE PLAINTIFF (FOR MAKING A COMPLAINT ABOUT THE BIAS) RESULTED IN THE JUDGE MAKING AN ORDER THAT DISMISSED THE PLAINTIFF'S COMPLAINT AND A FALSE CLAIM THAT THE ORDER WAS MADE ON 1/31/11."

{¶21} "IV. THE TRIAL COURT'S FAILURE TO HEAR THE PLAINTIFF'S 2/16/11 MOTION FOR RELIEF FROM THE JUDGMENT DATED 1/31/11 WAS AN ABUSE OF DISCRETION, DENIAL OF THE PLAINTIFF'S DUE PROCESS RIGHT TO

BE HEARD BY THE COURT AND TO PARTICIPATE IN THE PROCEEDINGS, ARBITRARY, CAPRICIOUS, AND UNREASONABLE, AND ADDITIONAL EVIDENCE OF THE COURT'S BIAS AGAINST THE PLAINTIFF (WHICH RESULTED IN THE ORDER DATES 1/31/11 BEING MADE).

{¶22} "V. THE COURT ERRONEOUSLY DISMISSED THE PLAINTIFF'S COMPLAINT, GIVEN THAT THE ORDER THAT DISMISSED THE COMPLAINT WAS MADE AS A RESULT OF FRAUD OF THE COURT (WHICH FALSELY CLAIMED THAT THE ORDER WAS MADE ON 1/31/11) AND FRAUD OF THE DEFENDANTS (WHO MADE MOTIONS FOR SANCTIONS THAT INCLUDED KNOWN FALSE CLAIMS, WHICH THE COURT WAS ALSO AWARE WERE FALSE)."

**ANALYSIS**

*I.*

{¶23} Appellant argues in her first Assignment of Error the trial court erred by failing to notify Appellant of when she should respond to the joint motion to dismiss and for sanctions or notify her of the date of the non-oral hearing on the joint motion. We disagree.

{¶24} Loc.R. 5 of the Licking County Court of Common Pleas, General Division, states in pertinent part:

(B) All motions shall be submitted to the Court for docketing at the time they are filed with the Clerk of Courts. At the time of the submittal of the motion, the moving party shall submit to the Court an order or notice of hearing scheduling an oral or non-oral hearing upon the motion. The motion and order or notice of hearing containing the oral or non-oral

hearing date shall be served upon all opposing parties or their counsel by the moving party.

(1) In accordance with Rule 6(D) of the Ohio Rules of Civil Procedure, the oral or non-oral hearing may be set no earlier than seven (7) days after the date of service of the motion, unless the Court in an order explicitly affixes a shorter time period.

{¶25} In this case, Appellees filed their joint motion to dismiss and for sanctions on December 6, 2010. Pursuant to Loc.R. 5, Appellees included a statement within the joint motion setting a non-oral hearing for December 21, 2010. The joint motion was served to Appellant by certified mail. Appellant makes no claim she did not receive the joint motion.

{¶26} On or about December 6, 2010, Appellant filed an affidavit of disqualification with the Ohio Supreme Court. Filing an affidavit of disqualification operates to stay all proceedings pending before a judge. R.C. 2701.03(D)(1). On January 3, 2011, Appellant sent a letter to the trial court, notifying the trial court it was her intent to file a response to the joint motion to dismiss and for sanctions. Appellant requested the trial court advise her of when her response to the joint motion was due and when the trial court scheduled a hearing on the joint motion. The Ohio Supreme Court denied the affidavit of disqualification and said judgment entry was filed with the Licking County Clerk of Courts on January 4, 2011.

{¶27} Appellant never filed a response to the joint motion. On January 31, 2011, the trial court granted Appellees' joint motion to dismiss and for sanctions.

{¶28} Appellant proceeded in this action pro se. A pro se litigant is presumed to have knowledge of the law and correct legal procedures so that she remains subject to the same rules and procedures to which represented litigants are bound. *Carskadon v. Avakian,* 5th Dist. No. 11 CAG020018, 2011-Ohio-4423, ¶ 33 citing *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). She is not given greater rights than represented parties, and must bear the consequences of her mistakes. *Id.* Parties to an action have a duty to keep themselves apprised of the entries on the record and to monitor the progress of their case. *Wiltz v. Clark Schaefer Hackett & Co.,* 10th Dist. Nos. 11AP-64 & 11AP-282, 2011-Ohio-5616, ¶21 citing *CitiMortgage, Inc. v. Bumphus,* 6th Dist. No. E-10-066, 2011-Ohio-4858, ¶ 36; *Yoder v. Thorpe,* 10th Dist. No. 07AP–225, 2007-Ohio-5866, ¶ 13.

{¶29} Appellant cites no authority for the proposition it is the trial court's responsibility to inform the parties of their duties as to pretrial motions. In this case, the joint motion put Appellant on notice her response to the joint motion was due on or before December 21, 2010 because a non-oral hearing would be held on December 21, 2010. Appellant's January 3, 2011 letter to the trial court demonstrates Appellant was aware of the joint motion and she knew she could file a response to the joint motion. While Appellant's affidavit for disqualification stayed the matter, on January 4, 2011 the trial court regained jurisdiction and was free to rule on all pending matters. The trial court did not rule on the joint motion until January 31, 2011. All the while, Appellant did not file a response to the joint motion or move the trial court for an oral hearing on the motion.

{¶30} We find no error by the trial court under Appellant's first Assignment of Error. Appellant's first Assignment of Error is overruled.

## II.

{¶31} Appellant argues in her second Assignment of Error the trial court erred in dismissing her case with prejudice. We disagree.

{¶32} In her argument, Appellant fails to comply with App.R. 16(A)(7). The rule states Appellant shall include in her brief, "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Appellant cites no authority for her argument as to why the trial court erred in granting Appellees' joint motion for sanctions and dismissing her case with prejudice. As such, we review Appellant's argument under the bare parameters of Civ.R. 41 and Civ.R. 37.

{¶33} Civ.R. 41 governs dismissal of actions. Subsection (B)(1) states the following:

**(B) Involuntary dismissal: effect thereof**

*(1) Failure to prosecute.* Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶34} Civ.R. 37 governs failure to make discovery. Subsection (B)(2)(c) states the following:

**(B) Failure to comply with order**

(2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

{¶35} The decision to impose sanctions is left to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Strayer v. Szerlip*, 5th Dist. No. 01-CA-28, 2002-Ohio-1577 citing *Mills Transfer, Inc. v. Z & Z Distributing Co.*, 76 Ohio App.3d 628, 602 N.E.2d 766 (6th Dist.1991). The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is also within the sound discretion of the trial court. *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997). In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, (1983).

{¶36} Appellant did not attend a deposition scheduled for August 10, 2010. Appellees filed a motion to compel Appellant's attendance and on September 28, 2010, the trial court granted Appellees' motion to compel and ordered Appellant to appear at deposition on December 6, 8, 9, and 10, 2010. On December 6, 2010,

Appellant canceled her attendance at the deposition due to a medical emergency. Appellant did not attend the deposition on December 8, 2010. Appellees canceled the remaining dates for deposition.

{¶37} Where the record does not indicate that failure to comply with discovery was due to involuntary inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party, a trial court does not abuse its discretion by dismissing the action pursuant to Civ.R. 37(B)(2)(c). *Aydin Co. Exchange, Inc. v. Marting Realty*, 118 Ohio App.3d 274, 279 (9th Dist.1997) citing *Shoreway Circle, Inc. v. Gerald Skoch Co., L.P.A.*, 92 Ohio App.3d 823, 832 (8th Dist.1994).

{¶38} Appellant did not file a response to the joint motion to dismiss and for sanctions at the trial court level. She argues on appeal she suffered a medical emergency on December 6, 2010 and there is evidence within Appellees' joint motion that Appellant suffered a medical emergency on December 6, 2010. However, there is no evidence that Appellant was unable to attend the December 8, 2010 deposition.

{¶39} Pursuant to the record before us, we find no abuse of discretion for the trial court to grant Appellees' joint motion for sanctions and to dismiss Appellant's complaint with prejudice.

{¶40} Appellant's second Assignment of Error is overruled.

*III.*

{¶41} Appellant argues in her third Assignment of Error that the judge's bias against Appellant caused the trial court to grant Appellees' joint motion to dismiss and for sanctions.

{¶42} We overrule Appellant's third Assignment of Error based on the law and analysis in the second Assignment of Error.

{¶43} Further, Appellant raised her allegations of bias by the trial court judge with the Ohio Supreme Court in her affidavit of disqualification. The Court found no basis for her allegations.

*IV.*

{¶44} Appellant argues in her fourth Assignment of Error the trial court abused its discretion in failing to rule on her motion for relief from judgment filed February 16, 2011. We disagree.

{¶45} A final judgment can be the subject of a Civ.R. 60(B) motion requesting relief from judgment. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981); *Rose v. Zyniewicz,* 10th Dist. No. 10AP–91, 2011–Ohio–3702, ¶ 15. However, once a party has appealed the underlying judgment, the trial court loses jurisdiction to consider a Civ.R. 60(B) motion for relief from judgment. *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994). The trial court only acquires jurisdiction to consider a Civ.R. 60(B) motion if the appellate court remands the matter to the trial court for such consideration. *Id.*

{¶46} In this case, Appellant filed her motion from relief from the January 31, 2011 judgment on February 16, 2011. Appellant filed her notice of appeal from the January 31, 2011 judgment on March 2, 2011. Appellant did not ask for, and we did not initiate, a remand to the trial court for consideration of Appellant's post-judgment motion. The trial court correctly did not rule on Appellant's request for relief because it lacked jurisdiction to do so.

{¶47} Appellant's fourth Assignment of Error is overruled.

*V.*

{¶48} Appellant appears to argue in her fifth Assignment of Error the trial court erred in granting Appellees' joint motion for sanctions and to dismiss.  Appellant also argues the date time-stamped on the January 31, 2011 judgment entry is false.

{¶49} Based on the law and analysis in Appellant's second Assignment of Error as to the merits of Appellees' joint motion, we overrule Appellant's fifth Assignment of Error.

{¶50} A review of the trial court case file shows an original judgment entry granting Appellees' joint motion to dismiss and for sanctions was time-stamped by the Licking County Clerk of Courts for the Licking County Court of Common Pleas on January 31, 2011 at 2:08 p.m.  We find no evidence this time-stamped date is false.

{¶51} Appellant's fifth Assignment of Error is overruled.

**CONCLUSION**

{¶52} Accordingly, we overrule Appellant's five Assignments of Error.

{¶53} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

PAD:kgb

[Cite as *Wiltz v. Moundbuilders Guidance Ctr.*, 2012-Ohio-1798.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CASSANDRA WILTZ | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MOUNDBUILDERS GUIDANCE | : | |
| CENTER, et al. | : | |
| | : | |
| | : | Case No. 11-CA-22 |
| Defendants-Appellees | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE